UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDRE VERNON,

      Petitioner,

     v.

STEWARD  ECKERT,  Superintendent,
Wende Correctional Facility,

      Respondent.

_____

      26-CV-6299-MAV
      ORDER

## INTRODUCTION

*Pro se* Petitioner, Andre Vernon, is an inmate at the Wende Correctional Facility.  He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1 (original petition); ECF No. 2 (amended petition).  This Court dismissed an earlier petition for lack of standing, as the petition was filed by a next friend who was unable to establish that Vernon could not appear on his own behalf. Case No. 25-CV-6411, ECF No. 4 (W.D.N.Y. Sept. 29, 2025). Vernon paid the filing fee.

## DISCUSSION

Vernon challenges the constitutionality of the judgment of conviction entered January 23, 2009, in the Supreme Court of New York, Erie County, following a jury verdict finding him guilty of second-degree murder, second-degree attempted murder, first-degree assault, and second-degree criminal possession of a weapon. *People v. Vernon*, 136 A.D.3d 1276 (4th Dep't 2016). He is currently serving that sentence. *See* New York State Department of Corrections and Community Supervision,

Incarcerated Lookup, search result for Vernon, Andre, DIN: 09B0376, https://nysdoccslookup.doccs.ny.gov/ (last accessed Mar. 27, 2026).

Although the petition appears to be untimely, Vernon argues that he is entitled to tolling under 28 U.S.C. § 2244(d)(1)(B) because the Erie County Supreme Court failed to serve an order of March 21, 2016, which responded to a remittal from the Fourth Department Appellate Division. ECF No. 2 at 7. Because a decision on this issue will benefit from briefing and the records of the state court proceedings, the Court directs the respondent to file and serve a memorandum of law addressing whether the petition is timely. Additionally, before the Court can dismiss the petition as untimely, it must first provide Vernon notice and opportunity to be heard on the statute of limitations issue. *See Acosta v. Artuz,* 221 F.3d 117, 125 (2d Cir. 2000). This order provides Vernon that opportunity.

## CONCLUSION

IT HEREBY IS ORDERED that Respondent shall file and serve, within **90 days of the date of this Order**, a memorandum of law addressing whether the petition is timely under AEDPA's statute of limitations, including citations to supporting authority and relevant exhibits; and it is further

ORDERED that Respondent must file and serve a copy of any exhibit cited in its memorandum so that such documents are available to Vernon when preparing his reply; and it is further

2

ORDERED that Respondent must provide the Court with a copy of the briefs, the record on appeal, and any opinions of the appellate courts so that such documents can be filed in the official record of this case; and it is further

ORDERED that Vernon shall have **30 days after his receipt of Respondent's memorandum** to file a written reply; and it is further

ORDERED that the Clerk of Court shall electronically serve a copy of the petition, together with a copy of this Order, via a Notice of Electronic Filing to Michael Hillery, Appeals-DAOffice@erie.gov, of the Office of the District Attorney of Erie County.

**VERNON MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

SO ORDERED.

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE

Dated:        April 20, 2026
              Rochester, New York

3